CREW LEVICK CO. v. BRITISH & FOREIGN MARINE INS. CO. OF LIVERPOOL, Limited.

(Circuit Court, E. D. Pennsylvania. November 20, 1899.)

No. 27.

INSURANCE—GOODS IN TRANSIT—TERMINATION OF RISK.

Under a policy of insurance in form a marine policy, containing the usual provisions for the continuance of the risk from the time the goods insured were loaded on "said vessel" until they were "safely landed," but having

a rider attached showing that the property insured was "oil contained in tank cars in transit," the risk terminated when the cars reached their destination, and were placed upon the private side track of the insured beside his warehouse.

Heard on motion by plaintiff for judgment on the verdict and motion by defendant for judgment notwithstanding the verdict.

Theo. F. Jenkins, for plaintiff.

H. N. Paul, for defendant.

DALLAS, Circuit Judge. The plaintiff's rule for judgment for want of a sufficient affidavit of defense was discharged for reasons set forth in an opinion of this court, which is reported in (C. C.) 77 Fed. 858. At the present term, the case having come on for trial, a verdict for the plaintiffs was directed, subject to certain points, which, being then presented on behalf of the defendant, were reserved by the court as follows:

"(1) Under the evidence in this case, the oil which was destroyed by fire, and for which the plaintiff claims to recover, was not 'in transit,' and therefore was not within the terms of the defendant's policy in suit. Consequently your verdict must be for the defendant. (2) The policy in suit provides: 'This insurance warranted to be in all cases null and void to the extent of any insurance with any fire insurance company directly or indirectly covering upon the same property, whether prior or subsequent hereto in date.' Under the uncontradicted evidence in this case, the plaintiff was carrying, at the time of the fire, insurance with a number of fire insurance companies to the extent of $15,500 'on merchandise, consisting chiefly of oils in barrels and tanks, and barrels for same, their own, held in trust, or on consignment, and sold, but not removed, contained in brick warehouse building and in tank cars on sidings adjoining premises.' The oil to recover for which this suit is brought was in tank cars on sidings adjoining the premises of the Crew Levick Company; consequently, if the policy in suit covered the oil after it was placed by the Pennsylvania Railroad Company upon the siding adjoining the premises of the Crew Levick Company, the insurance was null and void, and your verdict must be for the defendant."

These points present the only questions in the case, and my object in reserving them was to enable me to read the stenographer's report of the evidence before passing upon them. Having done this, I am now fully satisfied that, as respects the subject which was considered upon the former rule for judgment, there is no material difference between the facts as set up in the affidavit of defense and as proved upon the trial. Therefore the first point is affirmed.

I am also of opinion that the second point was well taken. The facts it recites were indisputably established, and the legal effect which it ascribes to them is, I think, unquestionable.

The plaintiff's motion for judgment upon the verdict is overruled. The defendant's motion for judgment for the defendant notwithstanding the verdict is granted, and judgment will be entered accordingly.